13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis SAWYER, Defendant-Appellant.
 No. 93-1314.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Louis Sawyer appeals the district court's denial of his 28 U.S.C. 2255 motion. We have jurisdiction under 28 U.S.C.1291.
 
 
 2
 On August 31, 1992, Defendant pleaded guilty to one count of armed bank robbery, 18 U.S.C. 2113(a), (d), and one count of using a firearm during the commission of a violent crime, 18 U.S.C. 924(c)(1). Following Defendant's guilty plea, the district court sentenced Defendant to 51 months imprisonment on the armed robbery count, and also sentenced Defendant to a consecutive 120-month term of imprisonment under 924(c)(1) for using a short-barreled shotgun during the robbery. The court did not enhance Defendant's armed robbery sentence for brandishing, displaying or possessing a firearm under U.S.S.G2B3.1(b)(2)(C). Defendant did not directly appeal his sentence.
 
 
 3
 On April 23, 1993, Defendant filed a 2255 motion to vacate, set aside, or correct his sentence, alleging the district court should have applied the five level firearm enhancement to his robbery sentence, U.S.S.G.2B3.1(b)(2)(C), rather than imposing the ten year mandatory sentence for his use of a firearm in connection with a violent crime, 18 U.S.C. 924(c)(1). The district court denied Defendant's motion, and this appeal followed. Finding no error in Defendant's sentence, we affirm.
 
 
 4
 Defendant argues the guidelines give "ambiguous discretion" to the sentencing court in deciding whether to enhance a defendant's sentence because 2K2.4 of the guidelines instructs the sentencing court not to apply the guideline enhancement if a defendant is convicted for a 924(c) violation while the guidelines' multiple count rules instruct the court to enhance the sentence of a defendant convicted on multiple counts if the convictions "represent additional conduct that is not otherwise accounted for by the guidelines." U.S.S.G. 3D1.1 to .5, introductory commentary. Defendant contends that a 924(c) conviction represents such "additional conduct not otherwise accounted for by the guidelines," thus under the multiple count rules, the district court is instructed to apply an enhancement. Defendant argues the district court receives conflicting instructions from the guidelines--in one instance to not apply a guideline enhancement and in the other instance to apply an enhancement.
 
 
 5
 Under U.S.S.G.2B3.1(b)(2)(C), the sentencing court must enhance a defendant's base offense level by five "if a firearm was brandished, displayed, or possessed" during the commission of the crime. However, when a sentence for robbery is imposed in conjunction with a 924(c) sentence, a sentencing court cannot apply the enhancement provided for in 2B3.1(b) "in order to avoid double counting." U.S.S.G. 2K2.4, comment note 2. Defendant's reliance on multiple count rules is misplaced because the guidelines specifically exclude 924(c) from the multiple count rules. U.S.S.G.3D1.1(b). Thus, the guidelines do not give ambiguous discretion to the district court, and the district court properly sentenced Defendant by declining to enhance under 2B3.1(b) and imposing 924(c)'s mandatory sentence.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3